# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CARANCHINI, | CASE NO. 1:10-CV-02389-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | |
| ARNOLD SCHWARZENNEGGAR, et al., | (DOC. 1) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

I.  **Background**

Plaintiff Benjamin Caranchini ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 27, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary Of Complaint

Plaintiff is incarcerated at Corcoran State Prison. Plaintiff names as Defendants former governor Arnold Schwarzenegger and secretary of CDCR Matthew Cate.

Plaintiff alleges the following. On January 25, 2010, California Senate bill X3-18 ("SB X3-18") took effect, which altered Plaintiff's release date from April 11, 2011 to June 28, 2011. Plaintiff had been validated as a prison gang associate. It appears that Plaintiff complains of the loss of his good time credits. Plaintiff contends a violation of the Ex Post Facto Clause.

Plaintiff requests as relief a release date of April 11, 2011, or to be paid $1,000 for each day he is held afterward. Plaintiff also requests reimbursement of costs.

## III.  Analysis

The Court takes judicial notice that the relevant portion of SB X3-18 was codified in California Penal Code section 2933.6. The relevant section states,

> Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

Cal. Penal Code § 2933.6.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would

2

necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This principle is known as the favorable termination rule. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

Here, if Plaintiff prevails in his § 1983 suit, it would necessarily affect the duration of his confinement. Thus, Plaintiff is barred from proceeding in this action. Plaintiff's claim is not cognizable as a matter of law. The Court will thus recommend dismissal of this action without prejudice. Plaintiff should not be granted any leave to amend, as Plaintiff will be unable to cure the deficiencies of his complaint. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## IV. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that

1) This action be dismissed without prejudice pursuant to the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994); and

2) The dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 15, 2011**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE